UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HORACE HILL Jr.,

           Plaintiff,

   v.

SCHMIDT, et al.,

           Defendants.

CASE NO. 3:23-cv-05890-TL-BAT

**ORDER DENYING SERVICE AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

    Plaintiff, a pretrial detainee of the Clark County Jail, filed a *pro se* 42 U.S.C. § 1983 complaint against various named and unnamed Defendants who are employed at the Jail. Dkt. 5.

    The Court must review complaints filed by detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

    Plaintiff broadly alleges Defendants violated his rights regarding his" legal mail" and by delaying delivery of a book Defendant's mother mailed to him. Plaintiff also makes allegations against his appointed criminal defense lawyers, the prosecution, the police and the state court; Plaintiff alleges "by the time you read this I'll be on my 4th attorney."

ORDER DENYING SERVICE AND
DIRECTING PLAINTIFF TO FILE
AMENDED COMPLAINT - 1

The complaint is not easy to understand and contains allegations that are insufficient, or which face summary dismissal. Rather than simply dismissing the complaint, the Court directs Plaintiff to file an amended complaint that addresses the following matters.

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

**1.      Claims related to Plaintiff's legal mail**

The complaint alleges Defendants are mishandling Plaintiff's legal mail by reading it, delaying delivery, or providing it to the Prosecuting Attorney and the State trial Court. Plaintiff names as Defendants Horace Hill, Joseph Barnett, Deputy Director of Jail Administration; Jones,

PSN# 3960; Schmidt, # 25002; Haak; and # 4949.

The complaint alleges Haak told Plaintiff the jail is "allowed to open incoming legal mail." This does not state a claim. A jail may open legal mail to determine if it is legal mail or contains contraband. The jail may not read legal mail, but the complaint does not allege Haak said this or did this.

The complaint alleges Schmidt was in the "Rover Station" huddled with others and took Plaintiff's grievances but did not return them. This fails to state a claim as it does not set forth facts that Schmidt violated Plaintiff's rights regarding legal mail. Additionally, the Court assumes that jail staff routinely take grievances from prisoners to process them and also assumes the staff that accepts grievances do not process the grievances or are responsible for its return.

The complaint alleges Hill took 7 hrs. to make copies, never made the copies and left Plaintiff's paperwork in the Rover station. This allegation fails to allege Hill read Plaintiff's legal mail in violation of Plaintiff's rights.

The complaint alleges Sergeant Hill lied about reading Plaintiff's and that Plaintiff caught her reading his legal mail. This minimally sets forth a claim that Defendant Hill violated Plaintiff's rights by reading his mail. However, in his amended complaint, Plaintiff should provide additional facts regarding the date this occurred and what legal mail is at issue.

Plaintiff also alleges the mishandling of his legal mail has tainted his chances of prevailing in his criminal trial. This is an insufficient conclusory statement. In his amended complaint Plaintiff should set forth specific facts as to why the mishandling of his legal mail has affected his pending criminal trial.

**2.      Delay of Book Ordered by Plaintiff's Mother**

Plaintiff alleges his mother ordered a book that was delivered to the Jail's Post Office box

but not timely delivered to Plaintiff. It is unclear what harm Plaintiff suffered from this delay. Plaintiff shall set forth facts in his amended complaint what real injury he suffered from the delay of the delivery of the book in question.

### 3. Allegations Against Others

The complaint names only Defendants who appear to work at the Jail. However, Plaintiff also alleges that he is "in jail because of a lie and I can prove it. The Judges, Attorneys, Cops, and the Prosecution are all in on it and I have all the proof." If Plaintiff seeks to sue these individuals, he must set forth who these individuals are, what actions they undertook that violate Plaintiff's rights, and why the Court should consider the claims now, rather than abstain from involving itself in a pending criminal prosecution.

In sum, for the reasons above the Court ORDERS:

(1) Service of the initial complaint Dkt. 5 is DENIED.

(2) Plaintiff shall file an amended complaint that addresses the above deficiencies no later than October 27, 2023. The failure to file an amended complaint that cures the above deficiencies will result in a recommendation that this case be dismissed.

(3) The amended complaint completely replaces the original complaint that was filed. Because the Court will review only the amended complaint, Plaintiff should set forth all claims and all facts in support of the amended complaint.

DATED this 5th day of October, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge