UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HORACE HILL Jr., | |
| Plaintiff, | CASE NO. 3:23-cv-05890-TL-BAT |
| v. | **REPORT AND RECOMMENDATION** |
| SCHMIDT, et al., | |
| Defendant. | |

Plaintiff, Horace Hill, Jr., a pretrial detainee who is currently confined at Clark County Jail, filed a *pro se* 42 U.S.C. § 1983 prisoner civil rights complaint alleging that Defendants, employees at the Jail, violated his rights by interfering with his legal mail, interfering with delivery of books mailed to him from his mother, and that he is in jail based on a lie and the Judge, attorneys, cops and prosecution are all "in on it." Dkt. 6. By order dated October 5, 2023, the Court declined to serve the complaint due to various deficiencies and granted Plaintiff leave to file an amended complaint by October 27, 2023. Dkt. 8. On October 27, 2023, Plaintiff filed an amended complaint. Dkt. 8. On October 27, 2023, Plaintiff also filed a motion to appoint counsel. Dkt. 9. On November 2, 2023, Plaintiff filed a letter with the Court that appears to discuss issues related to his ongoing criminal cases. Dkt. 10.

REPORT AND RECOMMENDATION - 1

For the reasons below, the Court recommends that Plaintiff's amended complaint (Dkt. 8), and the action as a whole, be dismissed without prejudice for failure to state a claim. The Court further recommends Plaintiff's motion to appoint counsel (Dkt. 9) be denied.

## BACKGROUND

**A.      Original Complaint**

In his original complaint Plaintiff named Defendants Jail employees Joseph Barnett, Deputy Director of Jail Administration; Jones, PSN# 3960; Schmidt, # 25002; Haak; and # 4949. Plaintiff's original complaint can be generally summarized as follows:

(1) Defendants mishandled Plaintiff's legal mail by reading it, delaying delivery, or providing it to the Prosecuting Attorney and the State Trial Court.

(2) Plaintiff's mother ordered a book that was delivered to the Jail's Post Office box but not timely delivered to Plaintiff.

(3) Plaintiff is "in jail because of a lie and I can prove it. The Judges, Attorneys, Cops, and the Prosecution are all in on it and I have all the proof."

**B.      Order Declining Service**

By order dated October 5, 2023, the Court declined to serve the original complaint noting various deficiencies. Dkt. 6. The Court granted Plaintiff leave to file an amended complaint to permit Plaintiff the opportunity to allege additional facts to cure the deficiencies in his original complaint. *Id.*

**C.      Amended Complaint**

Plaintiff filed an amended complaint naming as Defendants "Schmidt, Haak and Sgt. Jones." Dkt. 8. In Count I, Plaintiff alleges Defendants Schmidt and Sgt. Jones passed around and read Plaintiff's "legal mail." *Id.* at 4-5. Plaintiff appears to allege he had asked the "pod

officer" to make copies of his "legal mail" and that when he walked inside the "rover station" the papers were sitting in a stack. *Id.* He claims "I told him if he can't make copies just bring them back to me. Not hand them off to anyone because of what they contained. My civil suit against the jail." *Id.* He alleges because the officers read this paperwork, they were able to "inform the right people (prosecution ostensibly) to be aware of what's coming." *Id.*

In Count II, Plaintiff alleges a violation based on "withholding my legal books that was ordered for me once they found out I was suing the jail. Sgt. Jones." *Id.* at 6-7. Plaintiff alleges his mother ordered him some books and when he did not receive the books, he sent a grievance to Sgt. Jones. *Id.* Plaintiff indicates Sgt. Jones responded the P.O. box the books were sent to was not at the Jail and "how could [Plaintiff] get something that haven't been brought to the Jail yet." *Id.* Plaintiff alleges he wrote back stating that he had received mail sent to the same P.O. box before and after the books were delivered. *Id.* He alleges he did not receive an answer to this response. *Id.* In this same claim Plaintiff alleges Defendant Haak delivered legal mail to Plaintiff and took the envelope, indicating to Plaintiff that he was "supposed" to do this. *Id.* Plaintiff alleges this happened "a few days" and then stopped. *Id.*

In Count III, Plaintiff alleges "unreasonable search and seizure/conspiracy against rights, legal mail Sgt. Jones." *Id.* at 8-9. Plaintiff first alleges that, at some point, a few of his letters to attorneys and courts had come back to Plaintiff already opened and that he had asked Defendant Haake who "said it was allowed." *Id.* Plaintiff indicates he "grieved it" and that he received a grievance response back from Sgt. Jones. *Id.* In the grievance response Sgt. Jones stated she spoke to the mailroom clerk and told them it was wrong to open legal mail without the inmate present and that the mailroom clerk stated they did not know it was legal mail. *Id.* Plaintiff states the legal envelope is green so he does not know how they would not know it was legal. *Id.*

1   Plaintiff further states "Sgt. Jones is the mole in all this. She's reporting back to her boss and

2   he's reporting outside the Jail." *Id.*

3       As relief Plaintiff indicates he wants his books "Prisoners self-help litigation manual" and

4   "How to Win In Court Dictionary of the Law." Plaintiff also seeks $10, 000,000 in damages.

5   **D.   Plaintiff's Letter**

6       On November 2, 2023, Plaintiff filed a letter with the Court. Dkt. 10. The purpose of the

7   letter in this action is somewhat unclear. *Id.* Plaintiff indicates he has been "filing civil

8   complaints with this court to shed some light on the misconduct going on with the Clark County

9   Court and Jail and the police department" who are "working together to do whatever they can to

10  keep certain citizens incarcerated." *Id.* Plaintiff appears to contend that his defense attorney or

11  attorneys have been ineffective, that two bench warrants were improperly issued, and that the

12  petition for a no contact order, which appears to be the basis for one of his pending criminal

13  charges, was "false", and that he was "set up" to be arrested. *Id.* He also appears to allege

14  generalized misconduct on the part of the prosecutor. *Id.* Plaintiff also attaches several letters

15  purportedly from certain individuals which appear to be intended to challenge the truthfulness of

16  the underlying allegations supporting some of the charges against Plaintiff. *Id.*

17                          **DISCUSSION**

18  **A.   Failure to State a Claim**

19      The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any

20  time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a

21  claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is

22  immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is

23

frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A

1    defendant cannot be held liable solely on the basis of supervisory responsibility or position.

2    *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978).

3    Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City*

4    *of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

5         In Count I, plaintiff alleges Defendants read his "legal mail." Prisoners have a right under

6    the First and Sixth Amendment to have properly marked legal mail opened only in their

7    presence. *See Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1212 (9th Cir. 2017); (holding

8    the First Amendment protects the right of prisoner to have legal mail opened in their presence);

9    *Mangiaracina v. Penzone*, 849 F.3d 1191, 1196 (9th Cir. 2017) (holding pretrial detainee had a

10    Sixth Amendment right to privately confer with counsel and not have legal mail opened outside

11    his presence); *Sherman v. McDougall*, 656 F.2d 527, 528 (9th Cir. 1981) (citing *Wolff v.*

12    *MacDonald*, 418 U.S. 539, 575–77 (1974)). Prison officials may not read legal mail but may

13    inspect it for contraband, among other things. *Nordstrom v. Ryan*, 856 F.3d 1265,1272 (9th Cir.

14    2017). These protections are based on the rationale that allowing prison officials to inspect legal

15    mail outside an inmate's presence could chill attorney-client communications. *See Nordstrom v.*

16    *Ryan*, 762 F.3d 903, 910 (9th Cir. 2014) ("It takes no stretch of imagination to see how an inmate

17    would be reluctant to confide in his lawyer about the facts of the crime, perhaps other crimes,

18    possible plea bargains, and the intimate details of his own life and his family members' lives, if

19    he knows that a guard is going to be privy to them, too.").

20         "To qualify as legal mail subject to federal constitutional protection, the mail must

21    constitute privileged communications between the prisoner and [their] attorney." *Price v.*

22    *Yeramishyn*, No. 523CV00608JLSGJS, 2023 WL 4681060, at *5 (C.D. Cal. July 10, 2023)

23

1  (citing *Wolff*, 418 U.S. at 576-77). However, as the Court in *Braker v. Tolbert*, No. 5:15-cv-1343,

2  2015 WL 13914953 (C.D. Cal. Sept. 9, 2015) stated:

3     a pro se complaint is not legal mail. Legal mail is mail between a prisoner and his
       lawyer that contains confidential communications. *See, e.g., Bromfield v.*
4      *McBurney*, No. 07-5226RBL-KLS, 2008 WL 163663, at *9 (W.D. Wash. Jan. 14,
       2008) ("[L]egal mail generally is confined only to mail between a detainee or
5      inmate and his or her own counsel."); *Packnett v. Wingo*, No. 09-327-YGR (PR),
       2014 WL 992023, at *3 (N.D. Cal. Mar. 12, 2014) (defining legal mail as mail
6      sent between attorneys and prisoners). Because pleadings are not legal mail,
       prison staff are at liberty to examine them. *See, e.g., Keenan v. Hall*, 83 F.3d
7      1083, 1094 (9th Cir. 1996) ("Mail from the courts, as contrasted to mail from a
       prisoner's lawyer, is not legal mail."); *Neighbors v. Kemp*, No. 06-1611 DFL EFB
8      P, 2006 WL 3486829, at *2 (E.D. Cal. Dec. 1, 2006) ("Because mail to and from
       the courts is not legal mail, any claim that mail from the courts was not treated in
9      a confidential manner does not state a claim.").

10       Here, Plaintiff alleges no facts to support the allegation in Count I that any Defendant

11  actually read the subject mail. Rather, Plaintiff alleges the papers in question were sitting in a

12  stack in the "rover station." Furthermore, Plaintiff alleges the papers at issue were his *pro se* civil

13  lawsuit against the Jail, not legal mail from or to counsel. The complaint indicates Plaintiff gave

14  these papers to the jail staff to make copies.  Accordingly, Plaintiff's allegations fail to state a

15  claim.

16       With respect to Count II, Plaintiff appears to allege Sgt. Jones delayed or withheld

17  delivery of books mailed to him by his mother in retaliation for Plaintiff's filing a lawsuit.

18  Prisoners have a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264,

19  265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Prison officials

20  generally have a responsibility to forward mail to inmates promptly. *Evans v. Foss*, No.

21  217CV1088GEBKJNP, 2017 WL 2572443, at *2 (E.D. Cal. June 14, 2017) (citing *Bryan v.*

22  *Werner*, 516 F.2d 233, 238 (3d Cir. 1975)). But "a temporary delay or isolated incident of delay

23  or other mail interference without evidence of improper motive does not violate a prisoner's First

Amendment rights." *Id.*; *see Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay in delivery of publications, resulting from prison official's security inspection, did not violate First Amendment). "Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983." *Watkins v. Curry*, 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citing *Lingo v. Boone*, 402 F. Supp. 768, 773 (C.D. Cal. 1975) (prisoner not entitled to monetary relief under section 1983 where prison officials erroneously withheld a single piece of mail on the grounds that it was inflammatory)); *see also Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (where defendants opened a single piece of legal mail by accident the Court concluded "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the plaintiff]'s right to counsel or to access to the courts, does not give rise to a constitutional violation"); *cf. Antonelli v. Sheahan*, 81 F.3d 1422, 1431–32 (9th Cir. 1996) (plaintiff stated a claim where he alleged not merely negligent, but deliberate, obstruction of his mail that resulted in mail delivery being delayed for an inordinate amount of time and sometimes stolen).

To prevail on a retaliation claim, a plaintiff must allege and prove a defendant retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir.1983). In order to establish a retaliation claim, an inmate must show: (1) a state actor took some adverse action against the inmate; (2) because the inmate engaged in constitutionally protected conduct; (3) the adverse

1   action chilled the inmate's exercise of First Amendment rights; and (4) the adverse action did not

2   reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68

3   (9th Cir. 2005).

4         Here Plaintiff fails to allege any facts to indicate Sgt. Jones delayed or interfered with the

5   delivery of Plaintiff's books much less that she did so in retaliation for Plaintiff's filing his civil

6   rights action. Plaintiff alleges only that Sgt. Jones responded to his initial grievance stating that

7   the P.O. box was different from the County mail room and that they could not give Plaintiff what

8   had not yet arrived at the Jail. Plaintiff also claims he never received a response to his response

9   to Sgt. Jones that he had received mail at the Jail from the P.O. box both before and after the

10  books were delivered there but that he still had not received the books. However, Plaintiff

11  separately includes a copy of his grievance which does include a response from a different Jail

12  official, who does not appear to be named as a Defendant, stating that per "inmate property

13  notes" Plaintiff had received the Handbook for the Jail House Lawyer book. Dkt. 7. Plaintiff

14  claims in his complaint that he has still not received his books but does not directly address this

15  response from the unknown Jail official in his amended complaint.

16        The mere fact Plaintiff alleged he had not yet received his books when he filed his

17  complaint without more does not establish an intentional delay or withholding of his mail or that

18  the delay was retaliatory. Moreover, even if this were sufficient, the mere fact Sgt. Jones

19  responded to Plaintiff's grievance is insufficient to establish he personally participated in any

20  alleged delay or withholding of Plaintiff's books. Plaintiff alleges no facts to indicate Sgt. Jones

21  is personally employed in the mailroom or is in any way directly responsible for tracking or

22  delivering mail to inmates. There are no facts alleged Sgt. Jones would have even been aware

23  that the books had been sent until Plaintiff filed his grievance.

1    Furthermore, Plaintiff's allegation Defendant Haak took the outside envelope of his legal

2    mail does not, as pled, state a constitutional violation. Plaintiff does not allege Defendant Haak

3    took the legal mail itself, read the legal mail, or inspected it outside of his presence.

4    In Claim III, Plaintiff alleges "unreasonable search and seizure/conspiracy against rights,

5    legal material Sgt. C. Jones." But Plaintiff's allegations do not appear to relate to an

6    unreasonable search and seizure but instead appear to allege a violation under the First or Sixth

7    Amendment based upon the alleged improper opening of his legal mail. Plaintiff first alleges he

8    asked Defendant Haake, at some point, about a few letters to attorneys and courts that had

9    allegedly come back to Plaintiff already opened and that Defendant Haak responded that it "was

10    allowed." First it is not entirely clear what specifically Plaintiff is claiming in alleging Defendant

11    Haak stated was allowed. Furthermore, Plaintiff does not allege Defendant Haak improperly

12    opened or read his legal mail or that he is employed in the mailroom and that this is a part of his

13    duties. And even if Defendant Haak gave Plaintiff incorrect information regarding the legalities

14    or rules surrounding opening legal mail, this is insufficient to state a claim. Furthermore,

15    Plaintiff does not allege Sgt. Jones opened any of his legal mail. He alleges only that Sgt. Jones

16    responded to Plaintiff's grievance regarding opened legal mail by indicating she had spoken to a

17    mailroom clerk who acknowledged accidentally opening a piece of Plaintiff's legal mail outside

18    Plaintiff's presence and that Sgt. Jones reminded the clerk this was not permitted. This allegation

19    does not state a constitutional claim against Sgt. Jones.

20    Plaintiff also claims Sgt. Jones is a "mole" and reporting things to her boss and people

21    outside the jail. It is unclear what Plaintiff means by this and this conclusory allegation

22    unsupported by any facts is insufficient to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937,

23

REPORT AND RECOMMENDATION - 10

1    1949-50 (2009) (Pleadings that offers 'labels and conclusions' or makes 'naked assertion[s]'

2    devoid of further factual enhancement," are insufficient to state a claim).

3        Plaintiff has also filed a letter making generalized allegations of "misconduct" by the

4    Clark County Court, Jail, police department and prosecutor, and ineffectiveness by his defense

5    attorney or attorneys in his pending criminal case or cases. Plaintiff also submitted letters

6    purportedly from certain individuals which appear to be intended to challenge the truthfulness of

7    the allegations supporting some of the charges against Plaintiff. However, Plaintiff does not

8    identify any of the individuals or entities he complains about as Defendants in this action nor do

9    his generalized allegations of misconduct or ineffectiveness allege sufficient facts regarding what

10   actions any individuals or entities undertook to violate Plaintiff's rights.

11       Furthermore, Plaintiff's allegations in his letter appear to relate to his pending criminal

12   prosecution. A federal court will not intervene in a pending criminal proceeding absent

13   extraordinary circumstances where the danger of irreparable harm is both great and immediate.

14   *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir.

15   2018) (alterations adopted) (citation and internal quotation marks omitted) (abstention is

16   appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding

17   implicates important state interests; (3) there is an adequate opportunity in the state proceedings

18   to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical

19   effect of enjoining the ongoing state judicial proceeding."). Plaintiff fails to explain why the

20   Court should not abstain from involving itself in a pending criminal prosecution.

21       Finally, Plaintiff indicates in his letter that he has filed two other civil actions in this

22   Court which appear to name the prosecutor, a Clark County police officer, and his defense

23   attorney in his criminal case. *See Hill v. Townsend, et al.*, 23-5878-RSL-SKV; *Hill v. Joy*, 23-

5924-JNW-GJL. Thus, to the extent Plaintiff intends to attempt to further pursue these claims related to his criminal case it appears it would be more appropriate for him to do so in these other actions.

As Plaintiff has failed to state a claim, the Court recommends that the amended complaint, and the action as a whole, be dismissed without prejudice.

**B.    Leave to Amend**

Plaintiff was previously advised of the deficiencies in his original complaint and was granted leave to amend to cure those deficiencies, but plaintiff's amended complaint remains similarly deficient. As it appears the deficiencies in the complaint and amended complaint are not capable of being cured through further amendment, the Court recommends that further leave to amend not be granted.

**C.    Motion to Appoint Counsel**

Plaintiff has also moved for appointment of counsel. Dkt. 9. A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v.*

*Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case, or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

In support of his motion Plaintiff states that he has reached out to a few attorneys but "had the wrong addresses." He states that he does not have many legal resources because he is in jail. The fact that Plaintiff is in jail does not establish exceptional circumstances warranting appointment of counsel. Furthermore, as discussed above the Court has recommended dismissal of Plaintiff's amended complaint because it fails to state a claim. Thus, Plaintiff fails to show a likelihood of success on the merits. Although the Court has concluded that Plaintiff's amended complaint fails to state a claim, his pleadings demonstrate an adequate ability to articulate the factual basis of his claims and that he has a sufficient grasp of the case and legal issues. Plaintiff's claims as alleged also do not appear to be particularly complex factually or legally.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. 9) should be denied.

## CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's amended complaint (Dkt. 8), and the action as a whole, be **DISMISSED** without prejudice for failure to state a claim. Plaintiff's motion to appoint counsel (Dkt. 9) should be **DENIE**D.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 13

Objections, however, may be filed no later than **November 22, 2023.** The Clerk should note the matter for **November 24, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 8th day of November, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14